**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| RAYMOND NEAL, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:26-CV-01125 RHH |
| | ) | |
| AMEREN UE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Raymond Neal, Jr. brings this action under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et seq*., alleging employment discrimination based on an unnamed disability against his former employer, Ameren UE. [ECF No. 1]. Plaintiff has submitted an unsigned Application to Proceed in District Court Without Prepaying Fees or Costs in this matter, as well as a Motion for Appointment of Counsel. *See* ECF Nos. 2 and 3. Plaintiff's motions will be denied, without prejudice, at this time.

The Court will deny Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, without prejudice, for two reasons. [ECF No. 3]. Plaintiff's Application lacks an original signature. Federal Rule of Civil Procedure 11 requires "[e]very pleading, written motion, and other paper [to] be signed . . . by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). Likewise, Local Rule 2.11 explains that documents "must be physically signed" if endorsed by someone "other than an attorney of record." *See also id.* (recognizing a "person's name on a signature block" as a signature only for "authorized filing[s] . . . through [that] person's electronic filing account"). As a self-represented litigant without an electronic filing account, Plaintiff is required to physically sign his filings. *See Pack v. City of St. Charles*, No. 4:25-CV-

911-MTS; 2025 WL 2549230, at *1 (E.D. Mo. Sept. 4, 2025) (collecting cases). Because Plaintiff's Application lacks an original signature, the Court orders Plaintiff to provide a signed copy of his Application within 30 days. If Plaintiff fails to do so, he will be required to pay the $405 filing fee.

Additionally, Plaintiff will be required to fill out all portions of his new Application, including all sources of income he has received in the past 12 months.[1] Congress mandates that federal courts collect a filing fee from any party "instituting any civil action, suit, or proceeding." 28 U.S.C. § 1914. Although courts may waive this fee for individuals who demonstrate an inability to pay, *id.* § 1915(a)(1), proceeding without prepayment of fees and costs, or in forma pauperis, "is a matter of privilege, not of right." *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987). This Court may deny Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs if Plaintiff fails to properly fill out his form or otherwise comply with a Court Order.

Next, Plaintiff indicates in his Complaint that he filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) on July 30, 2025, and that he received a Notice of Right to Sue from the EEOC.[2] *Id.* at 3. However, Plaintiff has not attached a copy of either the Charge or the Right to Sue letter to his Complaint. Consequently, the Court will order Plaintiff to supplement the Complaint by submitting a copy of his Charge of Discrimination and the Notice of Right to Sue within **30 days of the date of this Order.**

Last, the Court will deny Plaintiff's Motion for Appointment of Counsel, without prejudice, at this time. *See* ECF No. 2. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also*

---

[1] Plaintiff has failed to provide this information on his current Application.

[2] As noted on page 1 of the Complaint form, a litigant is obligated to obtain a Right to Sue Letter from the EEOC prior to bringing suit in this Court.

*Stevens v. Redwing,* 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [ECF No. 3] is **DENIED without prejudice.**

**IT IS FURTHER ORDERED** that the Clerk shall provide Plaintiff with a copy of the Court's form Application to Proceed in District Court Without Prepaying Fees or Costs.

**IT IS FURTHER ORDERED** that **within 30 days** of the date of this Memorandum and Order, Plaintiff shall either pay the $405 filing fee or submit a signed and fully complete Application to Proceed in District Court Without Prepaying Fees or Costs.

3

**IT IS FURTHER ORDERED** that **within 30 days** of the date of this Memorandum and Order, Plaintiff shall submit a copy of his EEOC Right to Sue Letter and Charge of Discrimination.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel [ECF No. 2] is **DENIED without prejudice at this time.**

**IT IS FURTHER ORDERED** that if Plaintiff fails to comply with this Order, the Court will dismiss this action without further proceedings.

Dated this 20th day of July, 2026.

RODNEY H. HOLMES
UNITED STATES MAGISTRATE JUDGE

4